IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GRACIE FOSTER, et al.**                                                              PLAINTIFF

v.                          CASE NO. 4:19-CV-00571 BSM

**WALMART INC., et al.**                                                              DEFENDANTS

## ORDER

The motion to compel arbitration of defendants Walmart Inc., Wal-Mart Stores Arkansas, LLC, and Wal-Mart Stores East, LP (collectively "Walmart") [Doc. No. 25] is denied. The motion for leave to file a sur-reply [Doc. No. 37] is denied as moot.

## I. BACKGROUND

This putative class action is brought by plaintiffs who purchased Walmart gift cards in various Walmart stores. They allege that before they bought the gift cards, unknown third parties entered the Walmart stores, removed security tape from the gift cards, and copied down the PIN numbers on the cards. When plaintiffs bought the gift cards and loaded money onto them, the third parties used the PIN numbers to steal the money. Plaintiffs allege that Walmart is aware of this ongoing problem but is doing nothing to solve it.

Walmart asserts that plaintiffs' claims may not be brought in a class action lawsuit but must be brought in individual arbitration proceedings. Each Walmart gift card lists several terms and provides "[t]erms and conditions subject to change without notice. See Walmart.com for complete terms." Compl. ¶ 969, Doc. No. 1. Walmart.com supplies a link to its "Terms of Use." Putnam Aff. ¶ 6, Doc. No. 25-1. Since November 28, 2017, those

terms have contained an arbitration provision.  *Id.* ¶ 8.  The arbitration provision states that the Judicial Arbitration Mediation Services, Inc. rules and procedures apply to any arbitration.  *Id.* Ex. 3.  The terms incorporate by reference Walmart's "Gift Card Terms and Conditions."  *Id.* Ex. 1.  The gift card terms do not contain an arbitration provision, but they state that they "are applicable in addition to the Terms of Use and Privacy Policy applicable to the Walmart.com website."  *Id.*

## II. LEGAL STANDARD

Defendants' motion to compel is analyzed similarly to a motion for summary judgment because a motion to compel arbitration is analyzed under either a Rule 12(b)(6) or Rule 56 standard.  *See City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881–82 (8th Cir. 2017).  Rule 56 applies because the parties submitted exhibits in support of their pleadings. *Id.* at 881.

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). All reasonable inferences must be drawn in a light most favorable to the non-moving party, *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007), but a plaintiff's own self-serving, conclusory allegations are insufficient to defeat summary judgment. *Haas v. Kelly Servs.*, 409 F.3d 1030, 1034 (8th Cir. 2005). Finally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). Thus, the case should be stayed and arbitration compelled if there is no genuine issue of material fact as to the arbitration agreement's applicability.

### III. DISCUSSION

The arbitration agreement is not enforceable because Walmart's gift card arbitration terms were conveyed to plaintiffs by browsewrap. Browsewrap agreements are not enforceable unless consumers have notice of the terms, and nothing indicates plaintiffs had notice of the arbitration agreement. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016).

There are two primary types of online agreements: clickwrap, and browsewrap. Clickwrap agreements require users to click something, such as a box reading "I agree," that specifically and explicitly indicates their acceptance of terms. Browsewrap agreements, on the other hand, are merely posted online for a user to view, but they do not require specific

or explicit assent. The Walmart gift card terms and general terms of use are browsewrap agreements because they (1) are posted online, and (2) do not require customers or gift card users to assent to the terms. Walmart cashiers do not ask plaintiffs or any other customer to agree to the Walmart gift cards' terms of use as a condition of purchasing or using the cards.

Walmart would be able to overcome this obstacle if plaintiffs had actual or constructive knowledge of the arbitration agreement. *See Roller v. TV Guide Online Holdings, LLC*, 2013 Ark. 285 at *7 (Ark. 2013); *Long v. Provide Commerce, Inc.*, 245 Cal. App. 4th 855, 862–63 (Cal. Ct. App. 2016). Nothing in the record, however, indicates that plaintiffs were placed on actual or constructive notice of the arbitration provision. The undisputed facts show that the web address on the gift card did not take customers directly to the arbitration provision. To find it, a customer would have to read the gift card's packaging, go to Walmart.com, find the link to the terms of use, and read them. Then, the customer would have to find the link to the gift card's terms, and read them. Then, a customer would have to look up another set of policies which the arbitration provision incorporates by reference. This is not constructive notice.

Walmart contends that plaintiffs should nevertheless be bound by the terms of use because plaintiffs used Walmart.com. Br. Supp. Mot. to Compel at 4, Doc. No. 26. This is unpersuasive because nothing in the record indicates any plaintiff accessed the website outside of preparing for this lawsuit. Walmart relies on the complaint's mention of the

website, but mentioning an agreement in a complaint does not show actual or constructive notice. *See Roller*, 2013 Ark. 285 at *7.

Finally, there is no need for a trial on the question of arbitrability. *See* 9 U.S.C. § 4. There is nothing in the record showing that plaintiffs saw the terms of use, were otherwise aware that the terms existed before filing this lawsuit, or saw the notice on the gift cards that terms applied.

## IV. CONCLUSION

For the forgoing reasons, Walmart's motion to compel arbitration [Doc. No. 25] is denied. The motion for leave to file a sur-reply [Doc. No. 37] is denied as moot.

IT IS SO ORDERED this 9th day of April, 2020.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE