IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| GRACIE FOSTER, et al.<br><br>        Plaintiffs.<br>v.<br><br>WALMART, INC., et al.<br><br>        Defendants. | Case No. 4:19-cv-571-BSM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR A STATUS CONFERENCE**

Plaintiffs file this Response to Defendants' Motion for a Status Conference ("Motion" or "Defendants' Motion"), Document 60, to provide the Court with an accurate accounting of the communications between the parties and to otherwise respond to the Motion.

Plaintiffs concur that a status conference is necessary; however, as to Defendants' motion, Plaintiffs respond as follows:

Defendants mischaracterize and omit material communications between the parties regarding the discussions surrounding the drafting of a revised proposed joint motion and schedule. The parties discussed and exchanged proposed scheduling orders. When it became apparent that they were at impasse as to the form of the proposed schedule, the parties, on December 7, 2021, discussed filing a revised proposed joint motion and schedule per the Court's request. And on December 7, 2021, Plaintiffs sent their draft to Defendants. On December 9, 2021, Defendants replied with material edits to Plaintiffs' draft and gave their permission to file Defendants' materially-altered draft. On Wednesday December 15, 2021, Plaintiffs advised Defendants that Plaintiffs are making additional edits and would send back another draft, one that would be more condensed and intended to solely address the request for the scheduling conference. Rather than

waiting to receive Plaintiffs' counter-edits, Defendants filed their Motion on Monday December 20, 2021. Plaintiffs are committed to working with Defendants to come up with a mutually agreeable schedule, but believe the parties are at an impasse on the form of the schedule and certain matters to be included therein.

Specifically, Plaintiffs and Defendants disagree on the matter of expert testimony. Plaintiffs believe it is premature to bar expert testimony. Further, Plaintiffs, believe that expert testimony will assist the trier of fact in resolving the facts and issues underlying whether an arbitration agreement between the parties was validly formed. By way of example and not limitation, in remanding this case on the issue of whether the parties agreed to arbitrate, the Eighth Circuit identified several issues relevant to the determination of this issue, including but not limited to:

- Did the "'website put a reasonably prudent user on inquiry notice of the terms.'" *Foster v. Walmart, Inc.*, 15 F.4th 860, 864 (8th Cir.) (quoting *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014));

- Critical is the website's overall design and content, including whether "'the existence of the relevant terms' are 'reasonably conspicuous' to the user." *Foster*, 15 F.4th at 864 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016));

- Did the plaintiffs actually "use[] or access[]" Walmart's website. *Foster*, 15 F.4th at 864;

- Evaluating such factors as "the structure and design of the website itself[,]" would "a reasonably prudent user . . . have known to inquire further." *Id.* at 864, citing *Nguyen*, 763 F.3d at 1177-78. Such questions include "the exact location and prominence of the terms-of-use hyperlink, how many clicks it would have taken for the user to discover the arbitration provision, and whether the website changed during the relevant period." *Foster*, 15 F.4th at 864;

- "[Q]uestions also exist about the gift cards themselves[,]" including "the size and placement of the notation on the back, which are relevant to determining whether the plaintiffs would have been on notice to inquire further." *Id.* at 864-65; and

- The Eighth Circuit also did not "answer whether the parties' agreement to arbitrate, if it existed, would cover this particular dispute or be unconscionable if it did." *Id.* at 865 n.2. Thus, that issue also remains to be resolved.

Expert testimony will assist the Court and the trier of fact in resolving the disputed issues here. Defendants will have the opportunity to move to exclude Plaintiffs' experts' reports and testimony prior to trial. That is the proper time to address whether expert testimony would assist the trier of fact; not now, prior to a schedule being entered.

Dated:  January 3, 2022                                  Respectfully Submitted,

/s/ Sharon S. Almonrode
Sharon S. Almonrode (Michigan Bar No. P33938)*
Emily E. Hughes (Michigan Bar No. P68724)*
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Fax: (248) 652-2852
ssa@millerlawpc.com
eeh@millerlawpc.com

Donald M. Brown (Ark. Bar No. 2019029)
Craig R. Heidemann (Missouri Bar No. 42778)*
Nickolas W. Allen (Missouri Bar No. 69582)*
**DOUGLAS, HAUN& HEIDEMANN PC**
901 E. St. Louis St., Suite 1200
Springfield, MO 65806
Telephone: (417)326-5261
Fax: (417)326-2845
donald@dlhhlawfirm.com
craig@dhhlawfirm.com
nick@dhhlawfirm.com

*Admitted Pro Hac Vice*

Q. Byrum Hurst (Arkansas Bar No. 74082)
**HURST LAW GROUP**
518 Ouachita Avenue
Hot Springs, Arkansas 71901
Telephone: (501) 623-2565
Facsimile: (501) 623-9391
qbyrum@hurstlaw.org

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2022 I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                         */s/ Sharon S. Almonrode*
                                         Sharon S. Almonrode (P33938)
                                         **THE MILLER LAW FIRM, P.C.**
                                         950 W. University Dr., Suite 300
                                         Rochester, Michigan 48307
                                         Telephone: (248) 841-2200
                                         ssa@millerlawpc.com